**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE:

**BOUTIN RESTAURANT, LLC**

    **Debtor**

**CASE NO. 14-11461**

**CHAPTER 11**

**(Small Business)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR AUTHORITY TO SELL PROPERTY**
**OF THE ESTATE PURSUANT TO 11 U.S.C. § 363**

**NOW INTO COURT,** through undersigned counsel, comes Boutin Restaurant, LLC ("Debtor"), debtor herein, which files this *Motion for Authority to Sell Property of the Estate Pursuant to 11 U.S.C. § 363* ("Motion") and respectfully asserts:

1.

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157(b). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2.

On November 12, 2014 ("Petition Date"), Debtor filed a *Voluntary Petition* [P-1] for relief under Chapter 11 of the Bankruptcy Code ("Chapter 11 Case"). The Debtor has continued to manage its property since the Petition Date. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has been established.

3.

Pursuant to 28 U.S.C. §§ 157(b) and 1334, this Court has jurisdiction (i) to hear and determine this Motion, and (ii) over the persons and property affected hereby. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue of this proceeding and jurisdiction is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.

Debtor is the owner of certain equipment, utensils and other moveable property (collectively "Property"), a copy of which is attached hereto as Exhibit "A". Because of the loss of its lease, the Debtor anticipates either converting this case to one under Chapter 7 of the Bankruptcy Code or requesting dismissal of the case. The Debtor had hoped to secure a new lease for its business but has not done so yet. Thus, the property is not needed by the Debtor.

5.

The Debtor, as seller, has entered into an agreement for the sale of the Property for the sum of $25,000.00 to Wayne Stabiler ("Buyer").

6.

Debtor wishes to sell the Property to Buyer free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363 which authorizes the sale of property of the estate after notice and hearing.

7.

The Debtor believes that the proposed purchase price is fair and reasonable considering the age and condition of the Property, and that the sale of the Property is in the best interest of the estate and its creditors.

8.

The Buyer is not affiliated with the Debtor.

9.

The Debtor is not aware of any liens, mortgages, security interests, privileges or other encumbrances asserted against the Property. However, if any valid encumbrances do apply to the Property, the proceeds of the sale will be used to pay such encumbrances.

10.

Service of this Motion shall be made upon the Office of the United States Trustee, parties requesting notice thereof, and upon the following entities:

>  Internal Revenue Service
>  P.O. Box 7346
>  Philadelphia, PA  19101-7346
>
>  Louisiana Department of Revenue and Taxation
>  Bankruptcy Section
>  P.O. Box 66658
>  Baton Rouge, LA  70896

and the notice of hearing on this Motion shall be made upon all creditors and parties in interest in the captioned matter.

**WHEREFORE**, Boutin Restaurant, LLC, the Debtor, prays that this matter be set for hearing and, after hearing, this Honorable Court grant the relief requested herein and as follows:

(1) That the Debtor be authorized to enter into the sale;

(2) That the Debtor be authorized to sell the equipment, utensils and other moveable property free and clear of all liens and encumbrances in accordance with the provisions of 11 U.S.C. § 363 with the proceeds applied to any valid liens or encumbrances;

(3) That the Debtor be authorized to execute all documents necessary and consistent with a resulting sale and Order of this Court;

(4) That the Court's Order approving the sale specifically contain a finding that all creditors and parties in interest as set forth in the official mailing matrix of the case have been properly served and notified of the Motion; and,

(5) For other relief that is equitable and just.

        **Respectfully submitted;**

        **STEFFES, VINGIELLO & McKENZIE, LLC**
        13702 Coursey Blvd., Building 3
        Baton Rouge, Louisiana  70817
        Telephone:  (225) 751-1751
        Facsimile:  (225) 751-1998
        E-mail:  avingiello@steffeslaw.com

By:  **_s/ Arthur A. Vingiello_**
     **ARTHUR A. VINGIELLO (#13098)**

*Attorneys for Debtor*